UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SHAMEKA BISHOP,

                    Plaintiff,                    Case No. 2:25-CV-10518

v.                                        Hon. Brandy R. McMillion
                                        United States District Judge

JASON PALMER, *et al.*,
                                        Elizabeth A. Stafford
                                        United States Magistrate Judge

                    Defendants.
_____ /

## ORDER ADOPTING THE RECOMMENDED DISPOSITION OF THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION (ECF NO. 39), OVERRULING PLAINTIFF'S OBJECTIONS (ECF NO. 40) AND GRANTING DEFENDANTS' MOTION TO DISMISS (ECF NO. 31)

Shameka Bishop is a *pro se* Plaintiff who brings claims for a violation of her constitutional due process rights under the 14th Amendment and § 1983; violation of the automatic stay in bankruptcy under 11 U.S.C. § 362; obstruction of justice under 18 U.S.C. § 1503; false statements under 18 U.S.C. § 1503; intentional infliction of emotional distress; violation of the  Fair Debt Collection Practices Act ("FDCPA") under 15 U.S.C. § 1692; and a violation of the Michigan Regulation of Collection Practices Act, against Defendants Jason Palmer ("Palmer"), Emanuel Lewis ("Lewis"), Dana Nessel ("Nessel"), Rebecca Smith ("Smith"), Shannon

Husbands ("Husbands"), Susan Corbin ("Corbin"), and four unidentified "John Doe" defendants (collectively, "Defendants"[1]). *See generally* ECF No. 12.

This matter was originally assigned to the Honorable Laurie J. Michelson. ECF No. 2. On March 7, 2025, it was reassigned to the undersigned as a companion case to Case No. 24-10588, and this Court referred all pretrial matters to Magistrate Judge Elizabeth A. Stafford. *See* ECF No. 23. In Case No. 24-10588, this Court granted, without prejudice, Michigan Unemployment Insurance Agency's ("the Agency") Motion to Dismiss and denied as moot Plaintiff's Motion for Summary Judgment. *See* Case No. 24-10588, ECF No. 32. Plaintiff now brings this Action, and Defendants have moved to dismiss her Amended Complaint (ECF No. 12).

Magistrate Judge Stafford issued a Report and Recommendation (R&R) recommending that the undersigned grants Defendants' Motion. *See* generally ECF No. 39. The Court has reviewed Plaintiff's Objections (ECF No. 40) and Defendants' Response (ECF No. 41), conducted a *de novo review* of the record, and agrees that Plaintiff has failed to state a claim upon which relief can be granted. As such, the Court overrules Plaintiff's Objections (ECF No. 40) and dismisses this case. Accordingly, the Court will **ACCEPT AND ADOPT** the recommended

---

[1] Jason Palmer is the Director of the Michigan Unemployment Insurance Agency; Emanuel Lewis is an employee of the Agency; Dana Nessel is the Michigan Attorney General; Smith and Husbands are two Assistant Attorney Generals who represent the Agency; Corbin is the Director of the Michigan Department of Labor; and the four unidentified "John Doe" defendants are also agency employees.

disposition of the R&R (ECF No. 39), **OVERRULE** Plaintiff's Objections (ECF No. 40); **GRANT** Defendants' Motion to Dismiss (ECF No. 31); and **DISMISS WITH PREJUDICE** Plaintiff's Amended Complaint (ECF No. 12).  Further, any request for leave to amend the Amended Complaint is **DENIED**.

## I.

The Court adopts the facts in the R&R as the basis for deciding Defendants' Motion to Dismiss.  *See generally* ECF No. 39, PageID.447-449.  This Action is Plaintiff's second attempt at bringing these claims following the dismissal of Case No. 24-10588.  Her claims concern the following related actions as well:

- On March 15, 2016, Plaintiff filed for Chapter 7 bankruptcy in the Eastern District of Michigan;
- On June 20, 2016, Smith filed an adversary proceeding which sought a ruling of non-dischargeable debt due to fraud, which resulted in a proposed consent judgment between the Parties;
- On September 2, 2016, the Agency reversed the underlying fraud determination, but the Agency was still enforcing the debt without Plaintiff's knowledge;
- In July 2017, the Agency denied Plaintiff's appeal of the fraud finding notwithstanding the September 2016 reversal;
- In 2023, Plaintiff reopened her bankruptcy case, and the Bankruptcy Court vacated the consent judgment;
- On March 7, 2024, Plaintiff brought claims against the Agency before the undersigned, which resulted in the Court granting the Agency's Motion to Dismiss and denying as moot Plaintiff's Motion for Summary Judgment.  *See* Case No. 24-10588, ECF No. 32.

*See generally* ECF Nos. 12, 37. Additionally, the Court notes that Plaintiff launches various attacks against the characterization of facts analyzed within the R&R and addresses them herein.  On this basis, Plaintiff objects to the R&R in whole and requests this Court deny the recommendation of the Magistrate Judge and in turn, deny Defendants' Motion to Dismiss.

## II.

Pursuant to Federal Rule of Civil Procedure 72(b), if a party objects to a Magistrate Judge's report and recommendation, the District Judge, in conducting a *de novo* review, can "accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3).  Objections must be stated with specificity.  *Thomas v. Arn*, 474 U.S. 140, 151 (1985) (citation omitted); *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986).  "A general objection to the entirety of the magistrate's report has the same effects as would a failure to object." *Howard v. Sec'y of Health & Hum. Servs.*, 932 F.2d 505, 509 (6th Cir. 1991).

Moreover, an objection that "merely restates the arguments previously presented is not sufficient to alert the court to alleged errors on the part of the magistrate judge." *See VanDiver v. Martin*, 304 F. Supp. 2d 934, 937 (E.D. Mich. 2004).  The Court

is not obligated to address objections made in this form because the objections fail to identify the specific errors in the magistrate judge's proposed recommendations, and such objections undermine the purpose of the Federal Magistrate's Act, which serves to reduce duplicative work and conserve judicial resources.

*See Owens v. Comm'r of Soc. Sec.*, No. 1:12-CV-47, 2013 WL 1304470, at \*3 (W.D. Mich. Mar. 28, 2013) (citations and emphasis omitted).

When a party objects to portions of a Magistrate Judge's R&R, the Court reviews those portions *de novo*. *See* Fed. R. Civ. P. 72(b)(3); *Lyons v. Comm'r of Soc. Sec.*, 351 F. Supp. 2d 659, 661 (E.D. Mich. 2004). The Court has no duty to conduct an independent review of the portions of the R&R to which the parties did not object. *Thomas*, 474 U.S. at 153. However, a *de novo* review of proper objections requires at least a review of the evidence before the Magistrate Judge; and the Court may not act solely on the basis of a Magistrate Judge's R&R. *See Hill v. Duriron Co., Inc.*, 656 F.2d 1208, 1215 (6th Cir. 1981).

## III.

Plaintiff submits thirty objections to Magistrate Judge Stafford's R&R. *See generally* ECF No. 40. Specifically, the Magistrate Judge recommends that (1) all Plaintiff's federal claims be dismissed; (2) Plaintiff's claims against Defendant Lewis are dismissed pursuant to FRCP 25; (3) the Court *sua sponte* dismiss the claims against Doe defendants without prejudice under Rule 4(m); and (4) the Court decline supplemental jurisdiction over the state-law claims. *See* ECF No. 39,

PageID.458.  The Court finds that Plaintiff's objections to the R&R are either meritless, lack specificity, and/or do not have any legal basis.  Consequently, the Court agrees with the Magistrate Judge that dismissing the Amended Complaint is appropriate.

**<u>Objection Nos. 1-5, 29-30</u>:**

Each of these objections are summarily overruled as Plaintiff fails to base any of these objections on facts or conclusions of law at issue in the Motion to Dismiss or the Magistrate Judge's R&R.  An objection that is not stated with specificity and fails to address the issues before the Court is improper.  *See Thomas*, 474 U.S. at 151.

For example, in Objection 4, Plaintiff alleges the Magistrate Judge misstates Plaintiff's jurisdictional basis for her claims because "[t]hat subsection [§ 1367(c)(3)] limits jurisdiction; it does not confer it."  ECF No. 40, PageID.480-481.  The Court finds the Magistrate Judge's specific reference to this subsection inconsequential to declining to exercise jurisdiction over any of Plaintiff's state-law claims.

Additionally, Plaintiff has not sufficiently shown, as she asserts in Objection 5, that Magistrate Judge Stafford failed to liberally read her allegations as a *pro se* litigant.  While Plaintiff is correct that *pro se* litigants are entitled to a liberal reading of their pleadings, plaintiffs must still plead a plausible claim for relief, which, here,

she has not done. *Davis v. Prison Health Servs.*, 679 F.3d 433, 437-38 (6th Cir. 2012).

Furthermore, Plaintiff's Objection 29 does not refute the requirement to file a motion for leave to amend her Amended Complaint and attach a proposed second amended complaint. Nor could she. *See Waskul v. Washtenaw Cnty. Cmty. Mental Health*, 979 F.3d 426, 440 (6th Cir. 2020) ("If plaintiffs believe they needed to supplement their complaint with additional facts to withstand [a motion to dismiss] . . . they have a readily available tool: a motion to amend the complaint under Rule 15.").

Consequently, because Objections <u>1-5, 29, and 30 fail to raise proper objections for the Court's consideration, they are summarily overruled.</u>

**Objection Nos. 6-18:**

In each of these objections, Plaintiff argues that the Magistrate Judge incorrectly applied Eleventh Amendment immunity as to Palmer, Nessel, and Corbin; misstated whether specific Defendants are sued in their individual or official capacities; and wrongly concluded that there were no plausible due process claims against Smith and Husbands. The Court disagrees with Plaintiff.

First, Magistrate Judge Stafford is correct that Eleventh Amendment immunity applies to Plaintiff's § 1983 claims against Palmer, Nessel, and Corbin. The Eleventh Amendment protects states, their departments, and agencies from suit

in federal court for injunctive relief or damages by their own citizens or citizens of another state.  Under the Eleventh Amendment, state employees are immune from actions brought against them in their official capacities, absent clear abrogation of a state's immunity.  *Green v. Mansour*, 474 U.S. 64, 68 (1985) ("Because of the Eleventh Amendment, States may not be sued in federal court unless they consent to it in unequivocal terms or unless Congress, pursuant to a valid exercise of power, unequivocally expresses its intent to abrogate the immunity.").  Given Plaintiff has not shown the state of Michigan has waived immunity in § 1983 claims, Palmer, Nessel, and Corbin are entitled to Eleventh Amendment immunity.  Bishop further objects to the R&R on the basis that it "limit[ed] her case to Smith and Husbands in their individual capacities."  ECF No. 40, PageID.487.  To the extent the R&R was unclear about whether Smith and Husbands are also entitled to Eleventh Amendment immunity, they are—for all the aforementioned reasons that immunize Palmer, Nessel, and Corbin.

Second, Bishop appears to also bring her § 1983 claims against Smith and Husbands in their individual capacities but failed to do so by stating a plausible claim.  ECF No. 40, PageID.487-488; *see also* ECF No. 39, PageID.453.  While she argues "Defendants collectively" deprived her "of her constitutionally protected property rights without due process of law and interfering with a bankruptcy stay," ECF No. 12, PageID.190-191, that is not enough.  *See Lanman v. Hinson*, 529 F.3d

8

673, 684 (6th Cir. 2008) ("[D]amage claims against government officials arising from alleged violations of constitutional rights must allege, with particularity, facts that demonstrate what each defendant did to violate the asserted constitutional right.").

Third, Plaintiff objects by merely reiterating "the pleadings and exhibits" she alleges "the R&R ignore[s.]"  ECF No. 40, PageID.489.  When in fact, the R&R correctly detects Plaintiff's failure to state a claim that Smith or Husbands violated her due process rights.  ECF No. 39, PageID.452-453.  While she claims her procedural due process rights were violated because Husbands knew the September 2016 fraud determination was reversed, she undermines her own claims by next admitting Husbands ultimately issued a "written reversal after the bankruptcy judge ordered her to put it on the record years later."  ECF No. 40, PageID.489.  She similarly alleges Smith violated her rights by prosecuting a case against her after the underlying debt was already reversed.  ECF No. 40, PageID.489.  None of these allegations cure the primary issue with Plaintiff's due process claim: her failure to "first identify a protected liberty or property interest of which she was deprived." *Stiger v. Johnson,* 608 F. App'x 321, 323 (6th Cir. 2015); s*ee also Davis v. Butler Cnty.*, 658 F. App'x 208, 216 (6th Cir. 2016) (Court held procedural due process claim failed because plaintiff's "complaint fail[ed] to identify the protected property interest she seeks to vindicate"); *Rieg v. Village of Seville, Ohio*, No. 24-3337, 2025

WL 1191949, at * 2 (6th Cir. Feb. 13, 2025) ("[D]istrict court properly dismissed the complaint because the plaintiffs did not allege facts establishing that they have a protected property interest to support their due process claim.").

Finally, if, as she states in Objection 11, Plaintiff did not plead a substantive due process claim, any supposed reference in the R&R to a substantive due process claim is moot.  ECF No. 40, PageID.493.

**<u>Objection Nos. 19-21</u>:**

Plaintiff next objects to the R&R's recommendation that the Court dismiss Count II of Plaintiff's Amended Complaint due to a lack of subject-matter jurisdiction.  ECF No. 40, PageID.508-514; *see also* ECF No. 39, PageID.454-455. These objections are also overruled.  As Magistrate Judge Stafford correctly determined, a claim for violation of an automatic stay in a plaintiff's bankruptcy proceedings is properly suited for Bankruptcy Court, not the district court.  *Massey v. Bank of Edmondson Cnty.*, 49 F. App'x 604, 606 (6th Cir. 2002) (holding it was proper for the district court to decline jurisdiction to review a claim that defendant violated an automatic stay in bankruptcy proceedings).  The Court rejects Plaintiff's new attempt to argue the Court does have subject-matter jurisdiction because Count II is a "a hybrid action under 11 U.S.C. § 362(k) and 42 U.S.C. § 1983[.]"  ECF No. 40, PageID.511.  In Bishop's own words in the Amended Complaint, this Count is a "Violation of the Automatic Stay in Bankruptcy (11 U.S.C. § 362)."  ECF No. 12,

PageID.191-192.   Thus, these Objections are without merit.   *See* ECF No. 41, PageID.545 (Defendants correctly responding, "Bishop offers no case-law for the proposition that the Court has jurisdiction over such a 'hybrid' claim, even if it had been pled.").

**Objection Nos. 22-24**:

Magistrate Judge Stafford recommended dismissing Plaintiff's FDCPA claim, first, under Eleventh Amendment immunity, and second, for her failure to plead how Smith and Husbands engaged in illegal conduct.   ECF No. 39, PageID.455. Plaintiff's Objections against applying Eleventh Amendment immunity are legally incorrect.  *See Green v. Mansour*, 474 U.S. at 68.  And if Plaintiff intended to sue Smith and Husbands in their individual capacities, she did not allege any of their actions which violated the Act.  Therefore, the Court need not even reach the issue of whether a statute of limitations applies.   ECF No. 40, PageID.517-19. Consequently, these objections are overruled.

**Objection No. 25**:

Objection 25—that the R&R improperly recommends dismissing Counts III and VI as based on a criminal statute—are meritless.  *Moldowan v. City of Warren*, 578 F.3d 351, 391 (6th Cir. 2009).  Title 18, United States Code, Section 1503 is a criminal statute that does not provide a civil claim for monetary damages.  *Id.* Therefore, Objection 25 is overruled.

**Objection Nos. 26-27**:

Plaintiff's position that the Magistrate Judge should not have recommended the Court *sua sponte* dismiss the claims against Lewis (who is now deceased) and the John Doe Defendants is similarly without merit. Ninety-days have already passed since Lewis's passing in November 2024, and Plaintiff has not filed a motion to substitute him which has been granted; therefore, the claims are properly dismissed against him. *See* Fed. R. Civ. P. 25(a)(1) & (a)(2).

Additionally, enough time has also passed for Plaintiff to identify and serve the four Doe defendants—which she has not done, thereby warranting their dismissal as well. *Fossyl v. Milligan*, 317 F. App'x 467, 469 (6th Cir. 2009).

**Objection No. 28**:

Contrary to Plaintiff's Objection that the Court should not decline to exercise supplemental jurisdiction over the state-law claims, the Magistrate Judge correctly underscores the absence of a "federal character" once the Court dismisses all federal claims. ECF No. 39, PageID.457. In accordance with § 1367(c)(3), the Court declines to extend supplemental jurisdiction over Counts V and VII in the Amended Complaint because, as set forth above, all the federal claims are now dismissed.

## IV.

Accordingly, the Court **ACCEPTS AND ADOPTS** the recommended disposition of Magistrate Judge Stafford's Report and Recommendation (ECF No.

39).  Plaintiff's Objections (ECF No. 40) are **OVERRULED**.  Defendants' Motion to Dismiss (ECF No. 31) is **GRANTED**.

      **IT IS HEREBY ORDERED** that Counts I, II, III, IV, VI are **DISMISSED WITH PREJUDICE**; and Counts V and VII are **DISMISSED WITHOUT PREJUDICE**, to be refiled in State Court if Plaintiff so desires.

      **IT IS FURTHER ORDERED** that all claims against Emanuel Lewis are **DISMISSED WITH PREJUDICE** pursuant to Fed. R. Civ. P. 25.

      **IT IS FURTHER ORDERED** that all claims against the four John Doe defendants are **DISMISSED WITHOUT PREJUDICE**.

      **IT IS FURHTER ORDERED** that any request for a leave to amend the Amended Complaint is **DENIED**.

      ***This is a final order that closes the case***.

      **IT IS SO ORDERED.**

Dated: November 12, 2025        /s/ Brandy R. McMillion
     Detroit, Michigan           Hon. Brandy R. McMillion
                             United States District Judge