**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

SHAMEKA BISHOP,

Plaintiff,

v.

JASON PALMER, *et al.*,

Defendants.
_________________________________ /

Case No. 2:25-cv-10518

Hon. Brandy R. McMillion
United States District Judge

Elizabeth A. Stafford
United States Magistrate Judge

**ORDER TRANSFERRING CASE TO BANKRUPTCY COURT**

Shameka Bishop brought this *pro se* civil action against Defendants Jason Palmer ("Palmer"), Emanuel Lewis ("Lewis"), Dana Nessel ("Nessel"), Rebecca Smith ("Smith"), Shannon Husbands ("Husbands"), Susan Corbin ("Corbin"), and four unidentified "John Doe" defendants (collectively, "Defendants"[1]) asserting claims for violations of her constitutional due process rights under the 14th Amendment and § 1983; violation of the automatic stay in bankruptcy under 11 U.S.C. § 362; obstruction of justice under 18 U.S.C. § 1503; false statements under

[1] Jason Palmer is the Director of the Michigan Unemployment Insurance Agency; Emanuel Lewis is an employee of the Agency; Dana Nessel is the Michigan Attorney General; Smith and Husbands are two Assistant Attorney Generals who represent the Agency; Corbin is the Director of the Michigan Department of Labor; and the four unidentified "John Doe" defendants are also agency employees.

18 U.S.C. § 1503; intentional infliction of emotional distress; violation of the Fair Debt Collection Practices Act ("FDCPA") under 15 U.S.C. § 1692; and a violation of the Michigan Regulation of Collection Practices Act. *See generally* ECF Nos. 1, 12. On November 12, 2025, over Bishop's objection, the Court adopted a Report and Recommendation from the Magistrate Judge assigned to the matter, granting Defendant's Motion to Dismiss. *See* ECF Nos. 42, 39, 40, 31. The following day, Bishop appealed.

On September 4, 2026, the Sixth Circuit Court of Appeals issued an Order affirming in part and reversing in part the District Court's dismissal and remanded the case for further proceedings. *See* ECF No. 46. The only decision reversed by the appellate court was the district court's dismissal of Bishop's claim for a violation of the automatic stay under 11 U.S.C. § 362(k) for lack of subject-matter jurisdiction. *Id.* at PageID.584. The Sixth Circuit found that because a claim under § 362(k) for a violation of an automatic stay arises under Title 11 of the bankruptcy code, district courts have jurisdiction to review them. *See* ECF No. 46, PageID.585 (citing 28 U.S.C. § 1334(a)-(b)). The court noted that this holding was consistent with sister circuits that have made similar findings. *Id.* at PageID.585, fn2:

> Our conclusion is consistent with many of our sister circuits that have also considered this jurisdictional issue. *See In re Healthcare Real Est. Partners, LLC*, 941 F.3d 64, 69-71 (3d Cir. 2019); *Houck v. Substitute Tr. Servs., Inc.*, 791 F.3d 473, 481 (4th Cir. 2015) ("A claim under § 362(k) for violation of the automatic stay is a cause of action arising

under Title 11, and as such, a district court has jurisdiction over it."); *Price v. Rochford*, 947 F.2d 829, 832 n.1 (7th Cir. 1991); *In re Johnson*, 575 F.3d 1079, 1083-84 (10th Cir. 2009); *Just. Cometh, Ltd. v. Lambert*, 426 F.3d 1342, 1343 (11th Cir. 2005) (per curiam) (finding that district courts have original jurisdiction over § 362(k) actions because they are "cases" under title 11, which then could be referred to the bankruptcy court under § 157(a)). *But see E. Equip. & Servs. Corp. v. Factory Point Nat. Bank, Bennington*, 236 F.3d 117, 121 (2d Cir. 2001) (per curiam) (holding, without reference to § 1334, that "recovery of compensatory and punitive damages for willful violations of [an] automatic stay must be brought in the bankruptcy court, rather than in the district court, which only has appellate jurisdiction over bankruptcy cases" (citation modified)); *Galope v. Deutsche Bank Nat'l Tr. Co.*, 666 F. App'x 671, 673 (9th Cir. 2016) (mem.) (similar).

However, as the Sixth Circuit noted, for all civil proceedings arising under Title 11, the district court's jurisdiction is "original but not exclusive." ECF No. 46, PageID.584. And district courts "may refer to bankruptcy judges any proceedings arising under title 11 or arising in or related to a case under title 11." *Id.* (citing *Exec. Benefits Ins. Agency v. Arkison*, 573 U.S. 25, 33 (2014) and 28 U.S.C. § 157(b)); *see also Just. Cometh*, 426 F.3d at 1343. This Court has determined, by local rule, that all Title 11 cases should be referred to bankruptcy judges because it intends to give bankruptcy judges the broadest possible authority to administer cases and proceedings properly within their jurisdiction. *See* E.D. Mich. L.R. 83.50(a)(1). That consists of all cases under Title 11 and all core proceedings arising under Title 11, including motions relating to stays. *See* E.D. Mich. L.R. 83.50(a)(2).

Therefore, consistent with the Sixth Circuit's September 4 remand, the Court finds that referral to the bankruptcy court is most appropriate here because the bankruptcy court is better suited to determine if a stay (that it issued) has been violated, the extent of any resulting injury, and the requisite remedy for any alleged breach.[2]

Accordingly, the Clerk of the Court is directed to **TRANSFER** this case to the United States Bankruptcy Court for the Eastern District of Michigan.

***This is a final Order that closes the case.***

**IT IS SO ORDERED.**

Dated: October 13, 2026
Detroit, Michigan

s/Brandy R. McMillion
BRANDY R. MCMILLION
United States District Judge

[2] Any order or judgment of the bankruptcy judge is subject to review under 28 U.S.C. § 158.